[L. A. No. 1282. Department Two.—September 1, 1904.]

ELLEN D. RAYMOND, Appellant, v. SARAH J. GLOVER, GEORGE E. GLOVER, et al., Heirs of George W. Glover, Deceased, GEORGE MUNROE, and GERMAN-AMERICAN SAVINGS BANK, Respondents.

APPEAL—CONFLICT OF EVIDENCE—SUPPORT OF FINDINGS—LAW OF CASE.—Where this appeal presents the same conditions as to a substantial conflict of evidence and the support of the findings of the trial court as existed upon a former appeal, upon which it was held that this court was not justified in disturbing the finding of the lower court then under review, the decision of the court upon the former appeal is controlling in the disposition of the present appeal, although the finding is the other way, upon the same evidence.

ID.—ACTION TO ENFORCE TRUST OR LIEN—FRAUDULENT TRANSFER BY AGENT TO BANK—NOTICE OF EQUITIES—DIFFERENT TRIALS—APPEALS—CHANGE OF FINDINGS—CONFLICTING EVIDENCE.—In an action by the plaintiff to enforce a trust in a vendor's lien upon lands described in a mortgage fraudulently taken by her agent in his own name and transferred by him to the defendant bank, where it was held upon conflicting evidence upon a former appeal that a finding that the bank had notice of the plaintiff's equities, was sufficiently supported, a finding upon the same state of conflicting evidence upon another trial that the bank had no notice of the plaintiff's equities, must be sustained and controlled by the decision upon the former appeal.

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial. D. K. Trask, Judge.

The facts are stated in the opinion of the court upon this appeal, and in 37 Pac. 772, 918, and 122 Cal. 477.

Lee & Scott, and Frank James, for Appellant.

Walter Bordwell, and J. S. Chapman, for German-American Savings Bank, Respondent.

LORIGAN, J.—The plaintiff brought this action to obtain a decree that a certain note and mortgage were held by the defendant the German-American Savings Bank as trustee for her, or, in lieu thereof, have a decree establishing a vendor's lien in her favor upon the lands described in said mortgage.

This is the third time this cause has been here on appeal.

Upon both the former appeals, which were taken by the defendant bank from a decree in favor of plaintiff, the cause was remanded with the same directions to the court below, "to find whether or not the bank took the note as security without notice of the facts showing the equities in favor of the plaintiff. This fact may be found upon the evidence already taken, with such further evidence as the parties may see fit to submit. If the court finds that the appellant took the note as security without notice of the facts showing such equities, judgment should be rendered giving to the appellant [the bank] a first lien upon the property for the amount of its claim, and to the plaintiff a second lien thereon to the extent of thirteen hundred dollars and interest, as provided in the contract of sale." (*Raymond* v. *Glover,* 37 Pac. 772, 918; *Raymond* v. *Glover,* 122 Cal. 477.)

Upon the last trial of this case in the court below, out of which the present appeal arises, the cause was submitted upon the testimony taken at the two previous trials and the additional testimony of one M. N. Avery, cashier of the defendant bank, a witness called in its behalf, and the court found that the defendant bank took the note and mortgage in good faith, as security from one Munroe, without notice of any of the facts showing equities in favor of the plaintiff, and, pursuant to the direction of this court, on remanding the cause, as to the decree which should be entered upon such a finding, entered one in favor of the defendant bank.

The plaintiff now appeals from an order denying her motion for a new trial, which motion was based solely upon alleged insufficiency of the evidence to justify this finding, and, by stipulation, the bill of exceptions used on the appeal disposed of in 122 Cal., above referred to, which contains all the evidence adduced on the first and second trials, together with the evidence of the witness Avery taken at the last trial, constitutes the statement on motion for a new trial, upon which the validity of such order is to be determined on this present hearing.

The facts, as disclosed by the record, are recited at considerable detail in the previous opinions referred to, particularly in 37 Pac. 772, and stated generally here are, that plaintiff, in July, 1891, then a resident of the state of Massachusetts,

owned a tract of land in Los Angeles County, this state. She had as her agent in Los Angeles, one George Munroe, who, in her behalf, contracted a sale of the premises to the defendants Glover for eighteen hundred dollars, the sum of five hundred dollars to be paid in cash, the balance to be secured by mortgage on the property, to be executed by the Glovers in favor of plaintiff. On January 22, 1892, plaintiff acknowledged and forwarded to her agent, Munroe, a deed in favor of the Glovers, to be delivered on payment of the cash and execution in her favor by them of a note and mortgage for the balance of the contract price. Munroe, without authority, and fraudulently, inserted his own name as payee in the note, and as mortgagee in the mortgage, both of which instruments were dated February 11, 1892, and these the Glovers, deceived by him, and supposing that the papers ran to plaintiff, executed without reading, and paid the five hundred dollars. About February 22, 1892, Munroe took the note and mortgage to the respondent bank and applied for a loan of one thousand dollars thereon, which was made to him, the aforesaid note and mortgage being tendered to, and accepted by, the bank as collateral security for the loan.

These facts are practically conceded as correctly presenting the general situation, and are supplemented by considerable evidence offered on the part of both plaintiff and defendant bank, bearing upon the sole question involved in the case, —namely, whether the assignment of the note and mortgage so made was taken by the latter with notice of the facts showing the equities of the plaintiff.

We will not particularly refer to, or analyze, this evidence, because, in the view we take of this case, it is unnecessary. Aside from the evidence which was before this court upon the previous appeals, and particularly the appeal disposed of in 122 Cal., the only additional testimony now presented is that of the witness Avery, the cashier of the bank, who negotiated the loan to Munroe, and who testified that he never heard Munroe state to one U. S. Glover, before he took the assignment of the mortgage, that he, Munroe, had bought the mortgage in suit from plaintiff, nor did he know that plaintiff had anything to do with it or any interest in the mortgage until the trial of this action. This was offered in contradiction of the statement of Munroe, who had theretofore

testified for plaintiff on these matters. And when this testimony of Avery upon the last trial is compared with his testimony given on the former trial, it will be found to be substantially a reiteration of such former testimony. So that, for all practical purposes, the evidence under which the present finding is attacked is in all respects identically the same as was before this court for consideration upon the last previous appeal.

Upon that appeal, which was taken by the defendant bank, and wherein it assailed the finding then made against it, that it had taken the note and mortgage in question with notice of the equities of plaintiff, the plaintiff (respondent on that appeal), in support of such finding and upon identically the same evidence upon which it is contended for now, claimed that such evidence showed both constructive and actual notice to the bank. Particular stress was not given to the claim of actual notice, but it was elaborately and insistently argued that proof of constructive notice clearly appeared. In disposing of that appeal (122 Cal. 475) the court, in considering the sufficiency of the evidence (either as showing constructive or actual notice) to support the finding, set forth certain portions of it, and then said: "We think this evidence, taken together, was sufficient, if believed by the court, to warrant it in finding that the defendant bank was put upon inquiry, and having failed to probe the facts was, as a matter of fact, to be deemed as taking the mortgage with notice. In other words, that there was such a substantial conflict in the evidence as to preclude us from disturbing the finding of the court that appellant took the mortgage with notice of the equities in favor of plaintiff. The court below was the judge of the credit to be given to the several witnesses, and we cannot disturb its conclusions in the premises except in case of patent error."

We think this conclusion of the court, that there was such a substantial conflict in the evidence presented on the former appeal as not to warrant disturbing the finding of the lower court then under review, is controlling in the disposition of this appeal. The same substantial conflict exists now as was found to exist then. It is of no moment that the present inquiry involves the sufficiency of the evidence as to a finding diametrically opposite to the finding then under considera-

tion. The evidence was addressed to the same particular issue upon both the latter trials, which was whether the bank did or did not take with notice, and this was the only matter upon which the substantial conflict occurred. The conflict which, if found to exist, precludes the appellate court from interfering with a particular finding is such a substantial and material variance in the evidence adduced upon both sides of a litigated question of fact as will sustain the determination of the lower court, no matter which way it may find therefrom. Unless the evidence presents this condition, it cannot be said to be substantially conflicting. So that to say that a finding cannot be disturbed because the evidence to sustain it as found is substantially conflicting is also to say that, if the finding was the other way, the same substantial conflict would equally preclude its disturbance by the appellate court.

And this is the condition of this case on the appeal which we now have before us. The evidence is identically the same as came before the court on the former appeal, as affecting the finding of notice, and which was decided to be conflicting. In the absence of any additional evidence strengthening or affecting the case, the judicial declaration that was then made, that it was so substantially conflicting, is, in our opinion, decisive of the point presented on this present appeal. It is true that on the former appeal there was a reversal and the cause remanded for a new trial solely upon this issue. It was reversed, however, because the lower court failed to rule upon an objection of the bank to the admissibility of certain evidence which the court provisionally admitted, reserving a ruling on the objection, which it, however, omitted to finally make, and the effect of which failure to rule, as to whether the evidence was to be definitely admitted and considered by the court or not, was to afford no opportunity to the bank to rebut the evidence, if it could, and was so advised. This, however, only afforded an additional opportunity for the presentation of further evidence in the case. The decision on this point did not affect the other decision of the court, that from all the evidence taken together, as then presented, there was a substantial conflict in it. Neither, as a matter of fact, did any change in the evidence upon the last trial spring from the ruling under which the case was reversed. Whatever

privileges this ruling accorded were not availed of by either side, and the record now contains exactly the same evidence as was presented and considered upon the former appeal.

Under these circumstances, then, there is nothing in the record on this appeal which presents a different condition for examination as to the only point litigated upon both trials than was presented on the former appeal, to which we have been addressing ourselves. And, as upon such former appeal, upon exactly the same evidence as is presented for consideration now, it was then held that that evidence was so substantially conflicting upon the matter as to whether the bank did or did not take the note and mortgage in question with notice, that this court could not disturb a finding thereon made, we are of the opinion that the decision upon the former appeal on this point must be held controlling upon the present appeal, where the sufficiency of the present finding attacked is to be examined under the same conflicting evidence.

The order denying a new trial is for that reason affirmed.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.