[S. F. No. 6949.   Department Two.—July 27, 1916.]

## PERCY L. BURR, Respondent, v. UNITED RAILROADS OF SAN FRANCISCO, Appellant.

NEGLIGENCE—DESTRUCTION OF AUTOMOBILE BY STREET-CAR—BURDEN OF PROOF.—In an action for damages for the negligent destruction of an automobile by a street-car it is incumbent upon the plaintiff to show that the circumstances were such that the motorman had an opportunity to become conscious of the facts giving rise to his duty, and the reasonable opportunity to perform it, before the railway company can be held liable on the ground of negligence.

ID.—STALLED AUTOMOBILE—DAMAGE BY STREET-CAR—SUFFICIENCY OF EVIDENCE.—In this action the evidence is held sufficient to show that the automobile was stalled on defendant's track because of the negligent condition in which the crossing over it was left by the defendant, that the motorman had knowledge of such condition, and was negligent in failing to so operate his car as to avoid the collision.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

William M. Abbott, William M. Cannon, and Kingsley Cannon, for Appellant.

William P. Hubbard, for Respondent.

HENSHAW, J.—This is a second appeal. The first will be found reported in 163 Cal. 663, [126 Pac. 873]. The first appeal was taken from the judgment following the trial court's order of nonsuit. The nonsuit was granted upon the ground that the evidence was insufficient to establish any

negligence or culpability on the part of the defendant. This court, succinctly stating the substance of the evidence, held that it was sufficient to demand that the case be presented to the jury for its determination. Upon the second trial, a jury being waived, the judgment of the court was in favor of the plaintiff, and defendant appeals.

Its principal contention upon appeal is that the evidence upon the second trial was in substantial respects different from the evidence presented upon the first trial, and that the evidence now before this court completely exonerates the defendant from the charge of negligence, and establishes that negligence, if negligence there were, was wholly that of the plaintiff. We are constrained to disagree with the view which the appellant takes of the evidence. It need not be repeated, but a careful reading of it discloses that it is in all respects as strong, and in some respects stronger, in favor of respondent than was the evidence received upon the first trial.

Appellant would have this court adopt the procedure of the supreme court of New York in the case of *Gurrie* v. *New York & N. S. Traction Co.*, 151 App. Div. 57, [135 N. Y. Supp. 833], and reverse the case for the insufficiency of the evidence to establish the neglect of the defendant. True, it is, as appellant declares, that the facts in the New York case are very similar to those in the case at bar. But they are by no means identical in the first place, and in the second place to do this would mean to overthrow the ruling upon the first appeal as to the sufficiency of the evidence and this, even if the rule of the law of the case did not stand in the way, we are not disposed to do.

Both plaintiff and defendant unite in upholding that the following statement of the governing principle, taken from *Fujise* v. *Los Angeles Ry. Co.*, 12 Cal. App. 207, [107 Pac. 317], is correct: "It is incumbent upon the plaintiff to show that the circumstances were such that the motorman had an opportunity to become conscious of the facts giving rise to the duty, and a reasonable opportunity to perform it, before the railway can be held liable on the ground of negligence." Accepting this, and indeed declaring it to be a succinct and accurate statement of the governing principle, there was enough in the facts established and in the reasonable inferences which the court was entitled to draw from those facts,

to show, first, that the automobile was stalled because of the negligent condition in which the crossing was left by the defendant; that in endeavoring to cross, because of this defective condition, plaintiff's automobile was caught between the rails. His car was under control, but he was unable, because of the condition of the track, to extricate it from between the rails. The defendant's car approached downhill upon a slight curve, and was visible at a distance of five hundred feet. The headlight of plaintiff's automobile was facing the oncoming electric-car. The electric-car was blowing its whistle furiously. The only signal which the plaintiff could make was the "stop" signal given by raising and lowering his arms. This he repeatedly did. The motorman of the electric-car apparently became aware of the position of the automobile, for he blew his whistle the more furiously. Nevertheless he continued on his course with such speed that he failed to stop his car in time to avoid striking the stalled automobile, which was still between the tracks. And finally it is to be noted that he struck it at or very near the temporary crosswalk, with the existence of which and with the knowledge of the condition of which (since that condition was of its own creation) defendant and its motorman were charged.

The judgment appealed from is therefore affirmed.

Lorigan, J., and Melvin, J., concurred.