[Civ. No. 10574.   Second Appellate District, Division One.—March 10, 1936.]

LOUIS KROHN, a Minor, etc., Appellant, v. TROY PATRICK et al., Respondents.

· Alfred J. Smallberg for Appellant.

Willis I. Morrison for Respondents.

ROTH, J., *pro tem.*—The appeal from the judgment in this action presents primarily the question whether Troy Patrick, one of the respondents (hereinafter called Patrick), was an employee of respondents Superbo Manufacturing Co., a corporation; Superbo Water Heater Co., Julius Brombacher, doing business as Superbo Water Heater Co., and Julius Brombacher (hereinafter referred to as respondents).

The case was tried before a jury which was instructed to bring in a verdict for all respondents except Patrick. As to Patrick, the case went to the jury on the evidence and instructions of the court. The jury found in favor of Patrick, and, pursuant to the direction of the court, in favor of the respondents. Judgment in favor of all was entered on the verdict.

The order directing a verdict in favor of respondents was made on the theory that the evidence did not establish the relation of employer and employee. This is the primary issue raised on the appeal from the judgment. It is unnecessary, however, to pass upon this question because the nature of the legal relationship between Patrick and respondents is moot by reason of the fact that the judgment in favor of Patrick must be sustained.

Appellant argues briefly that the evidence does not sustain the verdict in favor of Patrick. None of the evidence is referred to. We have, nevertheless, read the whole of the bill of exceptions and find the evidence in such a state as to have permitted the jury to find for appellant or Patrick, with legal propriety. It follows that the jury's conclusion is binding on this court.

Appellant complains further that the court gave inconsistent and conflicting instructions. The appellant in this case at the time of the accident was sixteen years old. The court, in one of its instructions defining negligence, referred to "a reasonable and prudent *man*". (Italics ours.) In another of its instructions the court at length and in detail instructed the jury how to determine the existence of con-

tributory negligence on the part of a minor. In the body of this instruction is the language: "You should not apply to the plaintiff in the case the same rules you would apply to a grown man." In another of its instructions the court refers to "ordinarily prudent persons". We recognize the rule that when contradictory instructions are given upon a material point, it is frequently impossible for the jury to decide which one to follow, and that it is always impossible, after a verdict, to know which of the conflicting instructions the jury did follow. (*Giraudi* v. *Electric Imp. Co.*, 107 Cal. 120 [40 Pac. 108, 48 Am. St. Rep. 114, 28 L. R. A. 596]; *Soda* v. *Marriott*, 118 Cal. App. 635 [5 Pac. (2d) 675]; *Pittam* v. *City of Riverside*, 128 Cal. App. 57 [16 Pac. (2d) 768].) We feel, however, that there is no room for the application of said rule. The instructions are not contradictory. One or two, standing alone and unexplained by the others, might be evasive or incomplete. Reading all of the instructions, however, we are satisfied that the jury understood, and in legal theory, at least, adopted the rules of care and negligence as applied to a minor of the age of sixteen and not "a grown man". Instructions must be read as a whole, and a questionable instruction is not ground for reversal when the respective rights and duties of the parties are clearly ascertainable from the charge as a whole. (*Anderson* v. *Southern Pacific Co.*, 129 Cal. App. 206 [18 Pac. (2d) 703]; *American Marine Paint Co.* v. *Nyno Line Inc.*, 70 Cal. App. 415 [233 Pac. 366]; *Douglas* v. *Southern Pacific Co.*, 203 Cal. 390, 396 [264 Pac. 237].)

The other instructions criticized by appellant fall within the same category as those alluded to.

None of the other questions raised have any merit.

The judgment is affirmed.

York, Acting P. J., and Doran, J., concurred.