[L. A. No. 16924.   In Bank.—March 21, 1939.]

VICTOR A. BERRY, Appellant, v. MAYWOOD MUTUAL WATER COMPANY NUMBER ONE (a Corporation), Respondent.

Victor A. Berry, *in pro. per.*, and Earl Blodgett for Appellant.

H. W. Shaw, Pearson C. Schaefer and S. C. Schaefer for Respondent.

SEAWELL, J.—Plaintiff sued to recover $2,150, alleged to be the reasonable value of legal services performed for defendant Maywood Mutual Water Company Number One, a corporation. The trial court found that plaintiff had rendered services for defendant under oral contracts by which he was to be paid a monthly retainer fee of $50, and, after September 12, 1934, an additional fee of $50 for each day spent in court, and that all sums due plaintiff had been paid. The plaintiff admits receipt of payments totaling $1875, but contends that they did not cover the services which are the subject of the present action.

Judgment for plaintiff entered upon a jury verdict in the first trial of this action was reversed for error in an instruction. (*Berry* v. *Maywood Mutual Water Co.*, 11 Cal. App. (2d) 479 [53 Pac. (2d) 1032].) The appellate court there said: "The evidence was conflicting, that of defendant being ample to support a verdict in its favor if such had been returned."

Upon the present appeal the plaintiff attacks the sufficiency of the evidence. He does not contend, however, that it differs from that introduced on the first trial. A decision on appeal that the evidence will support a judgment for a party becomes the law of the case, and is binding when the action comes before an appellate court on a second appeal on the same evidence. (*Raymond* v. *Glover*, 144 Cal. 548 [78 Pac. 3]; *In re Baird's Estate*, 193 Cal. 225, 233–239 [223 Pac. 974]; *McCormick* v. *Great Western Power Co.*, 134 Cal. App. 705 [26 Pac. (2d) 322]; 2 Cal. Jur. 968.) Furthermore, independent of the doctrine of law of the case, the evidence sustains the judgment for defendant.

Plaintiff was consulted by Mr. Goodway, president of the defendant water company, in April, 1933. Mr. Goodway and his fellow members of the board of directors, elected in April, 1933, were involved in a controversy with the former directors, who claimed to constitute the lawful board. In the present action plaintiff seeks to recover the sum of $2,100 for his services in five proceedings involving the right of the Goodway board to act as directors and to possession of the corporate property. Two of said actions established the authority of the Goodway board and its right to control the corporate property. For services in each of said two actions, plaintiff herein sues for $500. Another of the five proceedings was an application for a writ of prohibition made to the District Court of Appeal by the former directors and unsuccessfully resisted by plaintiff herein on behalf of the Goodway board. (*Somo* v. *Superior Court*, 135 Cal. App. 584 [27 Pac. (2d) 790].) For services in this proceeding also plaintiff herein sues for $500.

The remaining two of the five proceedings involved collections of water bills made by the former directors after the Goodway board claimed their authority had ceased. One of said cases had not been brought to trial when plaintiff ceased to be attorney for the company, while the other had been lost in the justice's court, and was awaiting trial on appeal to the superior court. Plaintiff claims to have done work in the former of these two cases of the reasonable value of $500, and in the latter, subsequent to the judgment of the justice's court, of the value of $100. An item of $50 for services for the month of May, 1935, brings the total sued for to $2,150.

Goodway's testimony as to what took place when he consulted plaintiff in April, 1933, as embodied in the bill of exceptions, is as follows:

"He [plaintiff] said he could not tell how much litigation we might have and it would be hard to decide upon the pay; that he would do our work on a monthly basis as he was working for the City of Bell.

"I told him that would be all right, provided he did not want too big a salary, too big a monthly pay. He asked me how $50 a month would be. I told him as far as I was personally concerned, I thought it would be all right; that I would take the matter up with the balance of the board of directors and let him know the following day, which I did."

On September 12, 1934, plaintiff attended a meeting of the board of directors of defendant company. As counsel for the company he had received a check in the sum of $3,200 in payment of a judgment in its favor against a bank. According to testimony offered on behalf of defendant, Berry, the plaintiff herein, stated that he felt he was entitled to an additional fee of $200 for recovery of so large a judgment; that the contract for payment of the $50 retainer fee, made the preceding year, should not continue as the measure of his compensation.

The directors, after discussion, agreed to payment of the $200, but insisted that a definite arrangement be made as to future compensation for court appearances. The sum of $50 for each day's appearance in court was agreed upon with plaintiff as the amount he should receive in addition to the monthly retainer, according to testimony for defendant. The minutes of the meeting contain the following recital: "Mr. Berry proposed to handle cases still pending for $50 per day while same were on trial in court, and which after considerable discussion was finally agreed to by the board without a vote." The evidence shows payments of $50 thereafter made to plaintiff for court appearances.

On May 9, 1935, the secretary of defendant water company wrote plaintiff as follows: "The board of directors, at their meeting on the 8th inst. passed a resolution to discontinue your employment on a monthly salary basis, but to continue your employment in the cases now on file, to wit, the Gale case, the Strauss case, and the case against the old board, on a fifty ($50) per day basis for time in Court when the cases are tried and instructed me to notify you of their decision."

Plaintiff replied on the following day: " . . . I repudiate your resolution 100 per cent. In plain English I won't work on any such terms. You must remember that there are two parties to every contract of employment, the employer and the employee, and both must agree to the terms. You must also remember that a salary cannot be altered in the middle of the month."

Thereafter plaintiff did no work for defendant. In the trial herein he denied that he was originally employed under an agreement for a monthly fee of $50, to include litigation. He testified that Goodway on employing him said that if the company ever had any money it would pay him a good

fee. He further testified that the arrangement for a monthly retainer fee was not made until February, 1934, which was after the major part of the services for which plaintiff herein sues had been performed, and that said fee was only "to cover advice and drawing small papers" and "it did not include any appearance in court". He denied that a further contract was made on September 12, 1934. He testified that payments totaling $475 made to him before February 1, 1934, · were applied by him on his fee for resisting an injunction suit brought against the Goodway board by the former board in April, 1933, and that payments in the sum of $1400 made after February 1, 1934, were applied either on the monthly retainer or on his fee for other suits for which he does not seek recovery herein.

Defendant introduced in evidence receipts and checks for payments to plaintiff. The receipts, which evidence payments made from the commencement of plaintiff's employment on April 12, 1933, to January 3, 1934, read "to apply on attorney fees." The sum of $475 paid during this period, in payments of either $50 or $25, exceeds by $50 what became due to plaintiff under the agreement for a monthly retainer of $50. Between January 3, 1934, and September 12, 1934, on which date defendant claims it was for the first time agreed that plaintiff should receive additional compensation for court appearances, the checks show, in addition to the regular monthly payments of $50, three separate payments of $50, which plaintiff testified were for court appearances. Plaintiff received in all $1875 for his services for approximately two years.

Plaintiff contends that these extra payments prior to September 12, 1934, demonstrate conclusively that plaintiff was at no time employed under a contract to render all services, including litigation, for a monthly retainer. Goodway testified that the corporation did not knowingly make any extra payments for court appearances prior to the payment of $200 on September 12, 1934; that it was possible that plaintiff overdrew his account; that one of the checks which constituted an extra payment was made to plaintiff because he said "he had another one coming to him" and "insisted on having it".

The record indicates that defendant company, a mutual water company, composed of landowners to whose land the water was appurtenant, was run in an informal fashion,

without strict attention to business detail and record keeping. In the circumstances the fact that payments exceed somewhat the amount due under the retainer contract of $50 a month does not conclusively negative the existence of such a contract.

Plaintiff does not claim that he sent defendant company a bill for the account here sued for, or orally asked for payment, until after termination of his employment in May, 1935. The major part of the services for which he sued herein were performed in 1933. The trial court resolved the conflict in the evidence in favor of defendant company. It cannot be said that the judgment for said company is, as a matter of law, without support in the evidence.

■ Error of the court, if any, in permitting the defendant to introduce in evidence the above-mentioned checks and receipts during the cross-examination of plaintiff, rather than requiring defendant to postpone introduction of said material until it put on its defense, did not affect the substantial rights of plaintiff in this action, tried by the court, and is too inconsequential to justify a reversal in the light of section 4½, article VI, Constitution, and section 475, Code of Civil Procedure.

■ Certain of the findings are inartificially drawn. But when read in the light of the record they are not in conflict with other clear findings which support the judgment.

■ Plaintiff also objects that the oral contracts under which the court found he had been employed were not authorized by resolution of the board of directors. It is well settled, however, that when the corporation with knowledge of the contract accepts performance and makes payments on account thereof, there is a ratification of the contract, or an estoppel to deny its validity. (*Tierney & Lawford, Inc.*, v. *Wilshire Cafe, Inc.*, 209 Cal. 605 [289 Pac. 621]; *Brown* v. *Crown Gold Milling Co.*, 150 Cal. 376, 386 [89 Pac. 86]; *Scott* v. *Superior Sunset Oil Co.*, 144 Cal. 140 [77 Pac. 817]; *Pacific Bank* v. *Stone*, 121 Cal. 202 [53 Pac. 634]; 6A Cal. Jur., pp. 1181–1189.) Plaintiff, the legal adviser of the corporation, did not inform the board that the corporation should act by resolution.

The judgment is affirmed.

Shenk, J., Curtis, J., Edmonds, J., Houser, J., Langdon, J., and Waste, C. J., concurred.

Rehearing denied.