[L. A. No. 18418. In Bank. Dec. 23, 1942.]

MYRON H. WELLS, as Trustee in Bankruptcy, etc., Respondent, v. ELWOOD LLOYD IV et al., Defendants; BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association) et al., Appellants.

Freston & Files, James A. McLaughlin, G. L. Berrey, Louis Ferrari and Edmund Nelson for Appellants.

Thurlow T. Taft, Tanner, Odell & Taft and Donald A. Odell for Respondent.

TRAYNOR, J.—The present appeal is the third in this action. On the first a judgment for plaintiff entered upon a directed verdict was reversed on the ground that issues other than that pertaining to damages should have been submitted to the jury. (*Wells* v. *Lloyd,* 6 Cal.2d 70 [56 P.2d 517].) On the second appeal a judgment of nonsuit was reversed by the District Court of Appeal, which held that the evidence produced at the second trial was substantially the same as that presented at the first trial, that this court had decided upon the first appeal that there was sufficient evidence in favor of plaintiff to justify submission of the case to the jury, and that the determination became the law of the case governing the litigation. (*Wells* v. *Lloyd,* 35 Cal.App.2d 6 [94 P.2d 373].) A hearing in this court was denied. The facts underlying the controversy are set forth in the opinion of this court on the first appeal.

Defendants' principal contention on this appeal is that the evidence was insufficient to warrant submission of the case to the jury. Plaintiff relies upon the decisions of this

court and the District Court of Appeal on the earlier appeals as conclusive determinations of this question under the doctrine of the law of the case. (See *Gore* v. *Bingaman,* 20 Cal.2d 118 [124 P.2d 17]; *Penziner* v. *West American Finance Co.,* 10 Cal.2d 160 [74 P.2d 252]; *United Dredging Co.* v. *Industrial Acc. Com.,* 208 Cal. 705 [284 P. 922]; *Tally* v. *Ganahl,* 151 Cal. 418 [90 P. 1049]; 2 Cal.Jur. 944.) An appellate court's decision on the sufficiency of evidence comes clearly within the doctrine. (*Berry* v. *Maywood Mut. W. Co. No. One,* 13 Cal.2d 185 [88 P.2d 705]; *Estate of Baird,* 193 Cal. 225 [223 P. 974]; *Young* v. *Southern Pacific Co.,* 189 Cal. 746 [210 P. 259]; *Burr* v. *United Railroads,* 173 Cal. 211 [159 P. 584]; *Raymond* v. *Glover,* 144 Cal. 548 [78 P. 3]; *Weaver* v. *Shell Co.,* 34 Cal.App.2d 713 [94 P.2d 364]; *Frankini* v. *Bank of America,* 31 Cal.App.2d 666 [88 P.2d 790]; *McCormick* v. *Great Western Power Co.,* 134 Cal.App. 705 [26 P.2d 322].) ▮ Defendants contend, however, that while this court decided upon the first appeal that there was sufficient evidence in favor of defendant to preclude a directed verdict for plaintiff, it did not determine that there was sufficient evidence in favor of plaintiff to warrant submission of the case to the jury. This contention was made on the second appeal and in disposing of it, the District Court of Appeal declared: "With this contention we cannot agree, because the Supreme Court in the previous opinion in positive and unequivocal language directly states that the questions of proximate cause and the existence or nonexistence of a conspiracy should have been submitted to the jury because the evidence in connection therewith presented debatable questions and left room for a reasonable difference of opinion." (*Wells* v. *Lloyd,* 35 Cal. App. 2d 6 [94 P.2d 373] at p. 11.) The ruling by this court that a verdict could not be directed for plaintiff because of the conflict in the evidence and the inferences properly deducible therefrom amounted to a ruling that a finding of the jury in favor of either party could not be disturbed because of that conflict. (See *Raymond* v. *Glover, supra.*) ▮ Defendants also contend that the determination that there was sufficient evidence to justify submission to the jury was unnecessary to the disposition of the first appeal and therefore did not become the law of the case. On the first appeal, however, defendants contended not only that there was evidence that defendants were blameless, but that there was no evidence of fraud on the part

of the bank. They accordingly requested that the judgment be reversed with directions to the trial court to grant their motion for nonsuit. The issue of sufficiency of evidence in this respect was therefore properly presented to the court, and since the ruling thereon would guide the court below on a new trial, it became the law of the case. (See *Berry* v. *Maywood Mut. W. Co. No. One, supra; Westerfeld* v. *New York Life Ins. Co.,* 157 Cal. 339 [107 P. 699]; *Porter* v. *Muller,* 112 Cal. 355 [44 P. 729]; *Gwinn* v. *Hamilton,* 75 Cal. 265 [17 P. 212]; *People's Lumber Co.* v. *Gillard,* 5 Cal.App. 435 [90 P. 556].)

 If there was any doubt after the decision on the first appeal that the evidence was sufficient to support a verdict for plaintiff, it was dispelled by the decision of the District Court of Appeal on the second appeal, for the question was there squarely presented and decided and constituted the law of the case after the decision became final. (*Gore* v. *Bingaman, supra; Berry* v. *Maywood Mut. W. Co. No. One, supra; United Dredging Co.* v. *Industrial Acc. Com., supra; Otten* v. *Spreckels,* 183 Cal. 252 [191 P. 11].) Similarly, any doubt that the ruling on the first appeal established the decision on the sufficiency of evidence as the law of the case was dispelled by the decision on the second appeal. It has been held that an appellate court's decision as to the effect of a judgment as res judicata is the law of the case on a subsequent appeal. (*People* v. *Holladay,* 93 Cal. 241 [29 P. 54, 27 Am.St.Rep. 186].) The District Court of Appeal's holding, therefore, that the law of the case had been established by the decision of this court on the first appeal is the law of the case on this appeal.

[5] In an attempt to bring the present case within the rule that earlier adjudications of an appellate court are not controlling when the facts and circumstances on successive appeals are substantially different (see *Erlin* v. *National Union Fire Ins. Co.,* 7 Cal.2d 547 [61 P.2d 756]; *Sheets* v. *Southern Pacific Co.,* 1 Cal.2d 408 [35 P.2d 121]; *Estate of Baird, supra; Young* v. *Southern Pacific Co., supra; Burns* v. *Jackson,* 53 Cal.App. 345 [200 P. 80]), defendants contend that the present case differs materially from that presented on the two former appeals. There is no contention that the evidence produced at the third trial differed substantially from that produced at the former trials. On the contrary, it appears that with the exception of Elwood Lloyd's testimony,

introduced only at the second and third trials, the evidence was essentially the same at all stages of the litigation. Lloyd's testimony was merely cumulative and was so characterized by the District Court of Appeal on the second appeal. (*Wells* v. *Lloyd, supra,* at p. 9.) Thus, defendants' contention amounts at best to an assertion that the evidence was not fully considered at the previous trials, that the appellate courts erred in their previous evaluations thereof, and that the former opinions do not refer to or deal with certain matters in the record. The doctrine of the law of the case applies even though the appellate court may be of the opinion that the former decision is erroneous (*Penziner* v. *West American Finance Co., supra; Hoffman* v. *Southern Pacific Co.,* 215 Cal. 454 [11 P.2d 387] ; *Newport* v. *Hatton,* 207 Cal. 515 [279 P. 134] ; *McEwen* v. *New York Life Ins. Co.,* 187 Cal. 144 [201 P. 577] ; *State of Baird, supra; Tally* v. *Ganahl, supra*), and ■ evidence in the record in the earlier decision is not quoted or cited in the opinion. (*Estate of Baird, supra; Wells* v. *Lloyd, supra.*)

Defendants cite *England* v. *Hospital of the Good Samaritan,* 14 Cal.2d 791 [97 P.2d 813], to support their contention that the earlier adjudications on sufficiency of the evidence are not controlling on this appeal. It was there held that if the applicable rule of law is altered or clarified in the interval between the first and second appeals the court on the second appeal should decide the case according to the rule as altered or clarified. There is no question here of change or clarification of rules, but only of the effect of an appellate court's decision on the sufficiency of the evidence.

■ It is also contended that the judgment should be reversed because of errors committed by the trial court in instructing the jury. Attention is directed to plaintiff's instruction 17, which in effect informed the jury that a false representation is legally fraudulent "whether knowingly made or whether made through ignorance, carelessness or mistake." Plaintiff admits that this instruction was erroneous in that it permitted the jury to find against the bank regardless of the question of good faith, but contends that the error was rendered harmless by other instructions correctly stating the law. Plaintiff's instruction 16 and defendant's instruction 26-G properly informed the jury that to be actionable the false statements or representations must either have been made in

the knowledge that they were false or else have been unwarranted by the information of the person or persons making them. Instruction 26-G added the following direction: "If you find that the allegedly false representations which plaintiff relies upon were actually made in good faith and not recklessly, you must bring in a verdict for the defendants . . . Since men are presumed to act in good faith you must assume that all representations, whether true or false, were made in good faith, unless the contrary is established by clear proof and satisfactory evidence." Although defendants concede that instructions 16 and 26-G together accurately state the law as to false representations, they contend that these instructions conflict with instruction 17 and were bound to confuse the jury. If the statement to the jury of an essential principle of law is materially incorrect, the error is not generally remedied by a correct declaration of the same principle in another instruction. (*Sheets* v. *Southern Pacific Co.*, 212 Cal. 509 [299 P. 71]; *Starr* v. *Los Angeles Ry. Corp.*, 187 Cal. 270 [201 P. 599]; *Heydenfeldt* v. *Osmont*, 178 Cal. 768 [175 P. 1]; *Pierce* v. *United Gas & Electric Co.*, 161 Cal. 176 [118 P. 700]; *Soda* v. *Marriott*, 118 Cal.App. 635 [5 P.2d 675]; *Zolkosk* v. *United States Farm & Land Co.*, 72 Cal.App. 63 [236 P. 344].) It is ordinarily impossible to determine which of the conflicting rules was followed by the jury. It does not follow, however, that the giving of conflicting instructions will always mislead the jury and warrant a reversal. (*Miner* v. *Dabney-Johnson Oil Corp.*, 219 Cal. 580 [28 P.2d 23]; *Loeb* v. *Kimmerle*, 215 Cal. 143 [9 P.2d 199].) In reviewing instructions, the appellate court must read the charge as a whole and give the instructions a reasonable construction from the standpoint of their probable effect upon the jury. (*Douglas* v. *Southern Pacific Co.*, 203 Cal. 390 [264 P. 237]; *Taylor* v. *Pacific Electric Ry. Co.*, 172 Cal. 638 [158 P. 119]; *Krohn* v. *Patrick*, 12 Cal.App.2d 339 [55 P.2d 301]; 24 Cal.Jur. 856.) Thus, in appraising the instructions given in *Loeb* v. *Kimmerle*, 215 Cal. 143 [9 P.2d 199], this court concluded that the giving of conflicting or contradictory instructions was not ground for reversal of the judgment when the instruction containing the misstatement of law was involved and obscure as compared with the clear and explicit charge embodying the correct statement of law. In the present case instruction 17 contained an abstract statement of law while instructions 16

and 26-G were specifically adapted to the facts of the case. It is unlikely that the jury followed the general language of the abstract instruction rather than the explicit and emphatic charge applying the law to the facts of the particular situation. (See *Nickell* v. *Rosenfield*, 82 Cal.App. 369 [255 P. 760].)

It is contended that instruction 17 failed to inform the jury that it could determine whether the false statements were representations of fact or mere opinions. Similarly, plaintiff's instruction 15, defining the elements of fraud, is attacked for failure to include the element of reliance. The alleged errors, however, were errors of omission, and the omissions in both instructions were supplied by instruction 16 so that no prejudice resulted therefrom. (*Miner* v. *Dabney-Johnson Oil Corp.*, *supra*; *Soda* v. *Marriott*, *supra*; *People* v. *Lang Transportation Corp.*, 43 Cal.App.2d 134 [110 P.2d 464].)

Plaintiff's instruction 19-D informed the jury that if it should find deception by the alleged conspirators that prevented a complete investigation as to the truth of the representations, plaintiff was not bound by what an investigation would disclose. Appellants do not challenge the rule enunciated therein, but contend that there was no evidence of any deception to warrant the giving of the instruction. The instruction, however, is supported by the record. There was evidence that Bay Cities proposed to make an independent investigation of the value of the bonds it was to receive; that the proposed purchase was approved by the corporation's board of directors on condition of their "being satisfied as to the value"; that a committee composed of G. Behymer, J. D. Rishell and M. L. Rishell was appointed by the board of directors to make the investigation; that defendants Commagere and Lloyd represented that Bay Cities would be able to make the investigation while the deal was in escrow; that J. D. Rishell, president of the corporation, went to San Francisco to continue the investigation and before leaving instructed Stintin to get in touch with Behymer, the corporation's attorney, and open an escrow that was not to be closed until his return; that Stintin failed to get in touch with Behymer but did open an escrow, and on the following day, defendant Commagere obtained the certificates deposited therein by Bay Cities and thereby in effect closed the escrow.

Moreover, instruction 19 requested by defendants related to the same issue. It is idle for a party to complain of an error in an instruction given at the request of his adversary when an instruction requested by him contains that error. (*Yolo Water & Power Co.* v. *Hudson,* 182 Cal. 48 [186 P. 772]; *George* v. *City of Los Angeles,* 51 Cal.App2d 311 [124 P.2d 872]; *Jesse* v. *Giguiere,* 24 Cal.App.2d 160 [74 P.2d 310]; see 24 Cal.Jur. 870.)

Defendants next complain that at plaintiff's request the jury was instructed that conversations of alleged co-conspirators could be taken into consideration in determining whether the bank, even though no agent thereof was present at the conversations, was a party to the conspiracy. While instruction 13 could have been clearer it is not open to the interpretation of defendants. The jury was expressly cautioned that unless it first found that the bank had been established as a party to the alleged conspiracy, it could not consider the testimony regarding the conversations as tending to inculpate the bank. Plaintiff's instruction 11, allegedly including an implication that appellants admitted the perpetration of a fraud by some of the defendants, likewise is not open to the suggested construction. In referring to fraud, the trial judge took care to add the qualifying words "if any," and in instruction 36 expressly cautioned the jury that the existence of fraud could be determined only from the evidence and could not be inferred from the instructions.

Other assignments of error in the giving and refusing of instructions as well as in the admission of evidence and allowance of comments before the jury have been examined. Upon a review of the entire record, it does not appear that the errors, if any, resulted in a miscarriage of justice. (Const., art. VI, § 4½; Code Civ. Proc. § 475.) The trial court, therefore, did not err in denying defendants' motions for nonsuit, new trial, judgment notwithstanding verdict or the motion to strike the evidence at the close of plaintiff's case.

The judgment is affirmed.

Gibson., C. J., Shenk, J., Curtis, J., Carter, J., and Spence, J. pro tem., concurred.

Appellants' petition for a rehearing was denied January 21, 1943. Edmonds, J., voted for a rehearing.