[Civ. No. 18358. Second Dist., Div. One. Jan. 31, 1952.]

THE CITY OF LOS ANGELES et al., Respondents, v.
LOS ANGELES BUILDING AND CONSTRUCTION
TRADES COUNCIL (an Unincorporated Association)
et al., Appellants.

Arthur Garrett and Todd & Todd for Appellants.

Ray L. Chesebro, City Attorney, Gilmore Tillman, Chief Assistant City Attorney, A. H. Driscoll and A. L. Lawson, Deputy City Attorneys, for Respondents.

DORAN, J.—The present appeal is from a judgment making permanent a temporary injunction prohibiting the appellants from

"Striking, or calling or inducing a strike against the department of Water and Power of the City of Los Angeles at any of the projects hereinafter enumerated, or picketing any of said projects, or giving any notice stating or implying that a strike exists . . . or threatening to strike or picket any of said projects or hindering, delaying or interfering with, in any manner or by any means or device, the work upon any of said projects, for the purpose of intimidating or coercing the City of Los Angeles, the Department of Water and Power, the Board of Water and Power Commissioners, the Board of Civil Service Commissioners or any officer of said City in the performance of their or his lawful duties; and coercing, compelling, inducing or encouraging the employees of said Department of Water and Power, who are employed on said projects, to hinder, delay or interfere with the work on said projects, by strike, walk-out, cessation of work, or otherwise."

On a previous appeal from an order granting a preliminary injunction, the reviewing court in *City of Los Angeles v. Los Angeles Bldg. & Const. T. Council*, 94 Cal.App.2d 36, 46 [210 P.2d 305] affirmed the order, holding that "no legitimate reason can be found for drawing any distinction, within the framework of the present case, between the governmental and proprietary functions of the city." The opinion further states: "we think it self evident that defendants may not, consistently with the public policy expressed in the Los Angeles City Charter, lawfully either strike or picket for the purpose of enforcing demands as to conditions of employment in respect to which neither the city nor the department of water and power is obliged to bargain collec-

tively. To hold to the contrary would be to sanction government by contract instead of government by law."

It is argued in appellants' brief that "The decision on the appeal from the temporary injunction is not the law of the case"; that the decision and judgment "are completely unrealistic"; that the injunction is too broad, is invalid and unconstitutional; that defendants had the right to make demands upon their employer for improvement in wages, hours and working conditions; and that "defendants had a right to designate the project carried on by the Department of Water and Power as unfair."

The Department of Water and Power, a department of the city government of Los Angeles, is required and empowered by charter to construct and operate works and property for the purpose of supplying the city and its inhabitants with water and electricity, and to that end has invested approximately $450,000,000 in water and electric systems. Appellant labor unions are voluntary, unincorporated associations; appellant Los Angeles Building and Construction Trades Council is likewise a voluntary, unincorporated association consisting of delegates from the other appellants and at all times has acted for the other appellants.

In December, 1947, in order to meet increased demands, the department was engaged in constructing several large additions to its water and electric systems, some of which had been completed at the time of trial. In part, the work was done by direct employment of labor and purchase of materials by the department, and in part under contract with independent contractors. Originally about 420 persons were directly employed by the department, all under civil service. At the time of trial approximately 248 were so employed, 219 being regular civil service appointees and the balance temporary civil service appointees. Of the 420 approximately 200 were members of the defendant labor unions, as were also all of the employees of the independent contractors.

Beginning in November, 1947, the appellant trades council made repeated demands upon the department for changes in working conditions on such projects, chief among which was a demand for a union shop. Other demands included a classification of civil service positions in conformity with craft jurisdictions and job classifications recognized by appellants;

that the department provide craft foremen to supervise work in conformity with collective bargaining agreements had with private employers; and that wages and salaries be fixed in accordance with appellants' standards and rules. The trial court found that respondents had offered to discuss such matters with appellants except the demand for a union shop, and did in good faith discuss such subjects.

The appellants, as found by the trial court, repeatedly threatened that if respondents did not meet such demands, appellants would strike and picket the projects, declare the projects unfair, and take such other "economic action" as deemed necessary to bring about a stoppage of work. Thereafter appellants did declare the projects unfair, struck and picketed, and ordered all union men to stop work. This conduct continued until the date of the temporary restraining order. As a result of such acts, "some hundreds of persons . . . including all members of the . . . unions, ceased such work," with the result that "work on said projects was hampered and delayed . . . until said restraining order was issued."

Appellants' contention that "The decision on the appeal from the temporary injunction is not the law of the case," appears to be predicated on the theory that the issues were not the same; that the court "on the issuance of a temporary injunction, exercises a wide discretion," and that "an injunction looks to the future." The respondents' brief, however, calls attention to the fact that "The pertinent language of the permanent injunction . . . is identical with that of the preliminary injunction," and that "The two differ only in matters of form and detail."

As said in *Penziner* v. *West American Finance Co.*, 10 Cal.2d 160, 169 [74 P.2d 252], "It is clearly established by the decisions in this state that when the precise question before the court has been decided in a former appeal in the same action and under *substantially* the same state of facts, the parties are estopped from again litigating this question in any subsequent proceeding either before the trial or appellate courts." (Italics added.) That such is the situation in the present case cannot be doubted. And, as hereinbefore indicated, the appellate court held on the former appeal (94 Cal.App.2d 36, 46 [210 P.2d 305]) that "defendants may not, consistently with the public policy expressed in the Los Angeles City Charter, lawfully either strike or picket for the purpose of enforcing demands as to

conditions of employment in respect to which neither the city nor the department of water and power is obligated to bargain collectively.''

Upon appeal from the temporary injunction, appellants raised the same questions which are now presented, namely that the injunction terms were too broad; that the same rules should apply as in the case of a private employer, and that the injunction denied to appellants the right of free speech and the opportunity to publicize the claimed grievances. It is now contended that the decision and judgment appealed from are ''completely unrealistic.'' Even if such arguments had not already been presented to the appellate court on the former appeal and there decided adversely to appellants' contentions, the same result would necessarily be reached on the present appeal.

As the reviewing court said on the former appeal (94 Cal.App.2d 36, 49 [210 P.2d 305]), ''We find no merit in defendants' further claim that the injunctive relief granted is too broad. Reasonably construed, the plain meaning of the language employed merely restrains the defendant unions from conduct we have held to be unlawful, namely, striking, picketing, and like activities where the purpose is to intimidate or coerce the city authorities in the performance of their lawful duties and inducing the employees of the department of water and power to strike or otherwise interfere with the work on the department's specified projects.''

No restraints are imposed upon the exercise by defendants of any other means at their disposal to publicize the alleged grievances. It may also be noted that in the absence of any showing as to the existence of a labor dispute between any of the independent contractors and employees, it cannot be assumed that the injunction was intended or would be construed to prohibit strikes or peaceful picketing by such private employees to enforce legitimate demands against private employers.

As stated in *Lisse v. Local Union No. 31*, 2 Cal.2d 312, 323 [41 P.2d 314], ''in framing the terms of injunctive relief it is, of course, . . . impossible to define comprehensively or with exactness each and every act which may or may not be legally done in carrying on a labor controversy; . . . All that the court can do is to deal with those specific acts which by the evidence are shown to have been committed in furtherance of the particular dispute then before it.'' The

assertion that the present injunction is "completely unrealistic" finds no support in the record.

 Appellants argue that the controversy herein is not with a sovereign power, the city of Los Angeles, but "is with a proprietary arm of the city," the Department of Water and Power. While it is quite true that for certain purposes, a distinction has sometimes been made between governmental and proprietary functions of a municipality, such a distinction, under the facts of the present case, is inapplicable and beside the point. The distinction in question "was developed by the courts for application chiefly in cases involving the tort liability of municipal corporations." Again quoting from the previous appeal, at page 46, "It has no rational application to the present situation. The city, having been lawfully empowered by its charter to furnish water and electricity to its inhabitants, is thereby performing a municipal and public function, irrespective of whether it is acting in a 'proprietary' or 'governmental' capacity. (*Irish* v. *Hahn,* 208 Cal. 339, 344 [281 P. 385, 66 A.L.R. 1382].)"

Water, light and power are furnished by the city to private citizens, to private commercial enterprises, and to public offices. It can hardly be argued that such service is not a vital necessity without which neither the city itself nor its citizens could well subsist. It is, indeed, a service involving health, safety and welfare of a vast number of people; one with which neither labor unions nor individuals have a legal right to interfere. That this situation was recognized and considered by the trial court and by the reviewing court on the former appeal seems clear. No valid argument has been here presented which would justify a reversal of that position.

Appellants' argument that the right exists to "make demands upon their employer for improvement in wages, hours and working conditions" etc., is answered by the statement in respondents' brief that "the injunction does not restrain appellants from making demands." Appellants are only restrained from the use of coercive methods seeking to secure compliance with such demands. To judicially sanction the use of such methods would, as respondents say, be to approve "the control of the functions of government, not by law but by men."

The material findings of the trial court all find support in the evidence and the record indicates that appellants were duly accorded a fair trial and full opportunity to present

their contentions. These contentions, not fundamentally different from those presented on the appeal from the preliminary injunction, are untenable.

The judgment is affirmed.

Drapeau, J., concurred.

WHITE, P. J.—I concur in the judgment. A review of the record herein makes it manifest that the facts before the court when it granted the preliminary injunction herein (see *City of Los Angeles* v. *Los Angeles Bldg. & Const. Trades Council,* 94 Cal.App.2d 36 [210 P.2d 305]) were practically the same as here presented to the court upon the trial, from the judgment in which this appeal was taken. Though it be conceded that the evidence in part was different, there was no difference in any material respect. Consequently the holding in the former appeal became the law of the case, and both the trial court and this court are without authority to reconsider the rulings made on the former appeal (*Wells* v. *Lloyd,* 35 Cal.App.2d 6, 11 [94 P.2d 373]).

A petition for a rehearing was denied February 26, 1952, and appellants' petition for a hearing by the Supreme Court was denied March 27, 1952. Carter, J., was of the opinion that the petition should be granted.